MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
HUMBERTO RODRIGUEZ BRAVO and
EDWIN CONCEPCION, *individually and on*
*behalf of others similarly situated,*

                            *Plaintiffs,*

                   -against-

JOHN DOE CORP. (d/b/a JERUSALEM CAFE),
and ROBERT TEITELBAUM

                 *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Humberto Rodriguez Bravo ("Plaintiff Rodriguez" or "Mr. Rodriguez") and

Edwin Concepcion ("Plaintiff Concepcion" or "Mr. Concepcion"), individually and on behalf of

others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C.,

allege upon information and belief, and as against each of Defendants John Doe Corp. (d/b/a

Jerusalem Cafe) ("Defendant Corporation"), and Robert Teitelbaum (collectively,

"Defendants"), as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiffs are current and former employees of Defendants John Doe Corp. (d/b/a

Jerusalem Cafe), and Robert Teitelbaum.

      2.     Jerusalem Cafe is a Kosher restaurant owned by Robert Teitelbaum located at 35

West 36th Street, New York, New York 10018.

3.      Upon information and belief, Defendant Robert Teitelbaum serves or served as owner, manager, principal and/or agent of Defendant Corporation, and through this corporate entity operates or operated the Kosher restaurant.

4.      Plaintiffs are current and former employees of Defendants.

5.      Plaintiffs have been ostensibly employed as delivery workers, but they have been required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to filling the refrigerators the with sodas and drinks, bringing up sodas and drinks from the basement, bringing up dough, sauce and cheese to make pizzas, bringing up salads and cleaning the tables (hereinafter, "non-delivery, non-tip duties").

6.      Plaintiffs have regularly worked for Defendants in excess of 40 hours per week without appropriate minimum wage or overtime compensation for any of the hours that they worked.

7.      Defendants have failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.      Defendants have employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties included greater or equal time spent performing the non-delivery, non-tipped duties alleged above.

10.     At all times, regardless of duties, Defendants have paid Plaintiffs and all other delivery workers at a lowered and incorrect tip-credited rate.

11.     However, under both the FLSA and NYLL, Defendants have not been entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. § 146).

12.     Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate, and to enable them to pay Plaintiffs at a lower tip-credited rate (which they have failed to do) by designating them as delivery workers instead of non-tipped employees.

13.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants have  maintained a policy and practice of requiring Plaintiff Rodriguez and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

16.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Rodriguez's state law claims is conferred by 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims have occurred in this district, Defendants operate their businesses in this district, and Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

19.     Plaintiff Rodriguez is an adult individual residing in Kings County, New York.

20.     Plaintiff Rodriguez was employed by Defendants from approximately March 2014 until on or about February 27, 2015.

21.     Plaintiff Concepcion is an adult individual residing in Bronx County, New York.

22.     Plaintiff Concepcion has been employed by Defendants from approximately January 6, 2014 until the present date.

23.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs consent to being parties and bring these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

24.     At all times relevant to this Complaint, Defendants have owned, operated, and/or controlled a Kosher restaurant located at 35 West 36th Street, New York, New York 10018 under the name "Jerusalem Cafe".

25.     Upon information and belief, John Doe Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 35 West 36th Street, New York, New York 10018.

26.     Defendant Robert Teitelbaum is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27.     Defendant Robert Teitelbaum is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28.     Defendant Robert Teitelbaum possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation and/or controlled significant functions of Defendant Corporation.

29.     Defendant Robert Teitelbaum determined the wages and compensation of the employees of Defendants, including Plaintiff Rodriguez, established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

30.    Defendants operate a Kosher restaurant located at 35 West 36th Street, New York, New York 10018.

31.    Individual Defendant Robert Teitelbaum possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

32.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33.    Each Defendant has possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.    Defendants have jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.    Upon information and belief, individual defendant Robert Teitelbaum operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

        (a)    failing to adhere to the corporate formalities necessary to operate

               Defendant Corporation as a separate and legally distinct entity;

6

(b)    defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e)    operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of his own with Defendant Corporation;

(g)    diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

37.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

38.    Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of their employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

39.    In each year from 2013 to the present, Defendants, both individually and jointly, have had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.    In addition, upon information and belief, Defendants and/or their enterprises have been directly engaged in interstate commerce. For example, numerous items that are sold in the

Kosher restaurant on a daily basis, such as food and sodas, are produced outside of the State of New York.

*Individual Plaintiffs*

41.     Plaintiffs are current and former employees of Defendants ostensibly employed as delivery workers. However, they have spent a considerable amount of time performing the non-delivery, non-tip duties outlined above.

42.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Humberto Rodriguez Bravo*

43.     Plaintiff Rodriguez was employed by Defendants from approximately March 2014 until on or about February 27, 2015.

44.     At all relevant times, Plaintiff Rodriguez was ostensibly employed by Defendants as a delivery worker.  However, Plaintiff Rodriguez spent at least five to six hours of each work day performing the non-delivery, non-tip duties outlined above.

45.     Plaintiff Rodriguez regularly handled goods in interstate commerce, such as food and sodas produced outside of the State of New York.

46.      Plaintiff Rodriguez's work duties required neither discretion nor independent judgment.

47.     Throughout his employment with Defendants, Plaintiff Rodriguez regularly worked in excess of 40 hours per week.

48.     From approximately March 2014 until on or about February 27, 2015, Plaintiff Rodriguez worked from approximately 10:00 a.m. until on or about 8:00 p.m. Mondays through

Thursdays, and from approximately 10:00 a.m. until on or about 2:00 p.m. on Fridays (typically 44 hours per week).

49.    Throughout his employment with Defendants, Plaintiff Rodriguez was paid his wages in cash.

50.    From approximately March 2014 until on or about February 27, 2015, Plaintiff Rodriguez was paid a fixed salary of $45 per day Mondays through Thursdays; and $20 per day on Fridays.

51.    Plaintiff Rodriguez's wages did not vary regardless of how many additional hours he worked in a week.

52.    For example, Defendants required Plaintiff Rodriguez to work and additional 30 minutes to one hour past his scheduled departure time every day, without paying him any additional compensation.

53.    Defendants did not grant Plaintiff Rodriguez any break or meal periods of any length.

54.    Plaintiff Rodriguez was never notified by Defendants that his tips would be included as an offset for wages.

55.    Defendants did not account for these tips in any daily, weekly or other accounting of Plaintiff Rodriguez's wages.

56.    Defendants withheld Plaintiff Rodriguez's tips on two occasions, for amounts of $15 and $20. Thus, the total amount of Plaintiff Rodriguez's tips withheld by Defendants was approximately $35.

57.    Defendants did not provide Plaintiff Rodriguez with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.    Plaintiff Rodriguez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that accurately reflected his actual hours worked.

59.    Defendants never provided Plaintiff Rodriguez with a written notice, in English and in Spanish (Plaintiff Rodriguez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rodriguez regarding overtime and wages under the FLSA and NYLL.

61.    Defendants required Plaintiff Rodriguez to purchase "tools of the trade" with his own funds—including one bicycle for $100, a helmet for $30, a vest for $20 and  bicycle maintenance for approximately $300. Thus, the total cost of the "tools of the trade" Plaintiff Rodriguez was required to purchase was approximately $450.00.

*Plaintiff Edwin Concepcion*

62.    Plaintiff Concepcion has been employed by Defendants from approximately August 2013 until the present date.

63.    At all relevant times, Plaintiff Concepcion has ostensibly been employed by Defendants as a delivery worker.  However, since approximately January 6, 2015, Plaintiff Concepcion has spent over 20% of each work day performing the non-delivery, non-tip duties outlined above.

10

64.     Plaintiff Concepcion regularly has handled goods in interstate commerce, such as food and sodas produced outside of the State of New York.

65.      Plaintiff Concepcion's work duties have required neither discretion nor independent judgment.

66.     From approximately August 2013 until on or about January 6, 2015, Plaintiff Concepcion worked approximately 15-20 shifts from approximately 10:00 a.m. until on or about 3:30 p.m. (a total of about 96 hours).

67.     From approximately January 6, 2014  until on or about November 2014, Plaintiff Concepcion worked from approximately 10:00 a.m. until on or about 3:00 p.m. or 3:30 p.m. Mondays through Fridays (typically 25-27.5 hours per week).

68.     From approximately November 2014 until the present date, Plaintiff Concepcion has worked from approximately 10:00 a.m. until on or about 3:00 p.m. or 3:30 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 6:00 p.m. on Sundays (typically 33-35.5 hours per week).

69.     Throughout his employment with Defendants, Plaintiff Concepcion has been paid his wages in cash.

70.     From approximately August 2013 until on or about January 6, 2014, Plaintiff Concepcion was paid a fixed salary of $15 per day.

71.     From approximately January 6, 2014 until the present date, Plaintiff Concepcion has been paid a fixed salary of $20 per day Mondays through Fridays; and $40 per day on Sundays.

72.     Plaintiff Concepcion's wages have not varied regardless of how many additional hours he has worked in a week.

73.     For example, Defendants have often required Plaintiff Concepcion to work an additional 30 minutes past his scheduled departure time, without paying him any additional compensation.

74.     Defendants have never granted Plaintiff Concepcion any break or meal period of any kind.

75.     Plaintiff Concepcion has never been notified by Defendants that his tips are being included as an offset for wages.

76.     Defendants have not accounted for these tips in any daily, weekly or other accounting of Plaintiff Concepcion's wages.

77.     Defendants have not provided Plaintiff Concepcion with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

78.     Plaintiff Concepcion has not been required to keep track of his time, nor to his knowledge have the Defendants utilize any time tracking device, such as punch cards or sign in sheets, that have accurately reflected his actual hours worked.

79.     Defendants have never provided Plaintiff Concepcion with a written notice, in English and in Spanish (Plaintiff Concepcion's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Concepcion regarding overtime and wages under the FLSA and NYLL.

81.     Defendants have required Plaintiff Concepcion to purchase "tools of the trade"

with his own funds—including three bicycles for a total of $200. Thus, the total cost of the "tools of the trade" Plaintiff Concepcion has been required to purchase is approximately $200.00.

*Defendants' General Employment Practices*

82.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

83.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

84.    Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

85.    Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provide them with any additional compensation.

86.    Defendants have required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

87.    Plaintiffs have been employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

88.    These Plaintiffs have been paid at the lowered tip-credited rate by Defendants. However, under state law, Defendants have not been entitled to a tip credit because Plaintiffs'

non-tipped duties have exceeded twenty percent of each workday (or 2 hours a day, whichever is less). 12 N.Y. C.R.R. § 146.

89.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

90.    Plaintiffs' duties have  not been incidental to their occupation as delivery workers, but instead have constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

91.    In violation of federal and state law, as discussed above, Defendants have classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

92.    Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

93.    Defendants have failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

94.    Defendants have failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

95.    Defendants have paid Plaintiffs entirely in cash.

96.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

97.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

98.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

99.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

100.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

101.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

102.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

103.    Plaintiffs bring their FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date

that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

104.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against the FLSA Class' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

105.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants have been Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for their employment.

108.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

17

109.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203 (r-s).

110.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

111.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate has been willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    At all times relevant to this action, Defendants have been Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act.  29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA class members), have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for his employment.

115.    At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

116.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

117.    Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

18

118.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

119.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class members), have controlled terms and conditions of employment, and have determined the rates and methods of any compensation in exchange for employment.

122.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs (and the FLSA Class members) less than the minimum wage.

123.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) minimum wage has been willful within the meaning of N.Y. Lab. Law § 663.

124.    Plaintiffs (and the FLSA Class Members) have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE
## NEW YORK STATE LABOR LAW

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

127.    Defendants' failure to pay Plaintiffs overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

128.    Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

131.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours has exceeded ten hours has been willful within the meaning of NYLL § 663.

132.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134. Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

135. Defendants are liable to Plaintiffs in the amount of $2,500, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

136. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

137. Defendants have not provided Plaintiffs with a statement of wages with each payment of wages, as required by NYLL 195(3).

138. Defendants are liable to Plaintiffs in the amount of $2,500, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

139. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

140. Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

141. Plaintiffs have been damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## (UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK
## LABOR LAW)

142. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

21

143.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

144.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

145.    Defendants have unlawfully misappropriated a portion of Plaintiffs' tips that are received from customers.

146.    Defendants have unlawfully required Plaintiffs to share part of the gratuities they have received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL § 196-d and supporting regulations.

147.    Defendants knowingly and intentionally have retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations. Plaintiffs have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rodriguez and the FLSA class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs', and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA have been willful as to Plaintiffs and the FLSA class members;

(f)      Awarding Plaintiff Rodriguez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Rodriguez and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rodriguez and the members of the FLSA Class;

(i)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Rodriguez and the members of the FLSA Class;

23

(j)      Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the New York Labor Law have been willful as to Plaintiffs and the FLSA Class members;

(l)      Awarding Plaintiff Rodriguez and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(m)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Rodriguez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Declaring that Defendants' violations of NYLL § 191 was willful as to Plaintiffs and the FLSA class members;

(p)      Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

24

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 30, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.


____/s/ Michael A. Faillace_____

By:     Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

June 1, 2015

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Edwin Concepcion

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            01 de junio de 2015

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 6, 2015

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:

Humberto Rodriguez Bravo
59 St. Nicholas, Apt. 3R,
Brooklyn NY 11...

Address / Direccion:

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

06 de marzo de 2015

Date / Fecha: